IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04 CR 1 0 2 3 4 NMG**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION NO. |
| v. | : |
| | : |
| (1) WALLSTEIN DWAYNE ALLEN, | : VIOLATIONS: |
|    a/k/a "Kishawn Thompson" | : |
|    a/k/a "Shorty" | : 21 U.S.C. §963 - Conspiracy To |
| | : Import Cocaine |
| (2) ANDRE PAGE | : |
| | : 21 U.S.C. §846 - Conspiracy To |
| (3) MICHAEL E. GREEN | : Distribute, And To Possess |
| | : With Intent To Distribute, |
| (4) AQUAYA STEPHANIE PERRY, | : Cocaine |
|    Defendants | : |
| | : 21 U.S.C. §841(a)(1) - |
| | : Possession Of Cocaine With |
| | : Intent To Distribute |
| | : |
| | : 18 U.S.C. §4 - Misprision Of A |
| | : Felony |
| | : |
| | : 18 U.S.C. §2 - Aiding And |
| | : Abetting |
| | : |
| | : 21 U.S.C. §853 - Criminal |
| | : Forfeiture Allegation |
| | : |

**INDICTMENT**

**Count One:**   **(21 U.S.C. §963 - Conspiracy To Import Cocaine).**

The Grand Jury charges that:

Beginning on an unknown date but at least by in or about January 2004 and continuing to in or about June 2004, at Boston and elsewhere in the District of Massachusetts, at New York City, at Guyana, at Suriname, and elsewhere

**(1) Wallstein Dwayne Allen,**
    **a/k/a "Kishawn Thompson"**
    **a/k/a "Shorty"**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to import cocaine, a Schedule II controlled substance, into the United States from a place outside the United States, to wit: Suriname and Guyana, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

The Grand Jury further charges that the conspiracy set forth in Count One involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. §960(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 963.

**Count Two:**          (21 U.S.C. §846 - Conspiracy To Distribute And To Possess With Intent To Distribute Cocaine).

The Grand Jury further charges that:

Beginning on an unknown date but at least by in or about June 2004 and continuing to on or about June 5, 2004, at Boston and elsewhere in the District of Massachusetts, at New York, and elsewhere

> **(1) Wallstein Dwayne Allen,**
>    a/k/a "Kishawn Thompson"
>    a/k/a "Shorty"
>
> **(2) Andre Page and**
>
> **(3) Michael E. Green**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy set forth in Count Two involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule

II controlled substance.  Accordingly, 21 U.S.C. §841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

**Count Three:**   (21 U.S.C. §841(a)(1) - Possession Of Cocaine With Intent To Distribute; 18 U.S.C. §2 - Aiding And Abetting).

The Grand Jury further charges that:

On or about June 5, 2004, at Boston in the District of Massachusetts,

      (1) **Wallstein Dwayne Allen,**
           a/k/a "Kishawn Thompson"
           a/k/a "Shorty"

      (2) **Andre Page**

      (3) **Michael E. Green and**

      (4) **Aquaya Stephanie Perry**

defendants herein, did knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute.

The Grand Jury further charges that the offense set forth in Count Three involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. §841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**Count Four:    (18 U.S.C. § 4 - Misprision Of A Felony).**

The Grand Jury further charges that:

On or about June 5, 2004, at Boston in the District of Massachusetts,

### (4) Aquaya Stephanie Perry

defendant herein, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: conspiracy to distribute, and to possess with intent to distribute, cocaine, as set forth in Count Two of this Indictment, and possession of cocaine with intent to distribute, as set forth in Count Three of this Indictment, did conceal the same and did not as soon as possible make known the same to the authorities.

All in violation of Title 18, United States Code, Section 4.

## **FORFEITURE ALLEGATION**
## **(21 U.S.C. § 853)**

The Grand Jury further charges that:

1.  As a result of the offenses alleged in Counts One through Three of this Indictment,

> **(1) Wallstein Dwayne Allen,**
>     a/k/a "Kishawn Thompson"
>     a/k/a "Shorty"
>
> **(2) Andre Page**
>
> **(3) Michael E. Green and**
>
> **(4) Aquaya Stephanie Perry**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property includes, but is not limited to:

   (a) $15,000 in United States currency seized on March 12, 2004; and

   (b) $200,000 in United States currency seized on June 5, 2004.

2.  If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendants --

   (a) cannot be located upon the exercise of due

        diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

**Notice Of Additional Factors**

The Grand Jury further finds that:

1.  Defendant Wallstein Dwayne Allen is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(2) applies to this defendant.

2.  Defendant Andre Page is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(2) applies to this defendant.

3.  Defendant Michael E. Green is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(2) applies to this defendant.

4.  Defendant Aquaya Stephanie Perry is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(2) applies to this defendant.

5.  Defendant Wallstein Dwayne Allen was an organizer, leader, manager, and supervisor of criminal activity involving five or more participants. Accordingly, U.S.S.G. §§ 3B1.1(a) and 3B1.1(b) are applicable to this defendant.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
MICHAEL J. PELGRO
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS; August 11, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK