UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                    DOCKET # 04C210234NMG

MICHAEL GREEN

## DEFENDANT'S MOTION FOR REVOCATION OR AMENDMENT OF DETENTION ORDER

Now comes the Defendant in the above captioned matter, pursuant to 18 U.S.C. §3145(b), and moves this Honorable Court to review the order of detention in this case issued by the Honorable United States Magistrate Judge Charles B. Swartwood III. In his June 17, 2004 MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION, Magistrate Swartwood ordered the defendant Michael Green detained, finding in part that "considering the totality of the circumstances and Mr. Green's involvement in this conspiracy, I find by clear and convincing evidence that he poses a danger to the community…" (memo, page 15).

It is important to note that Magistrate Swartwood found "Mr. Green has substantial family ties to Brooklyn, has never lived anywhere other than Brooklyn and even if he faces a substantial period in incarceration if found guilty of the offense charged in this complaint, I cannot find by a preponderance of the evidence that he poses a risk of flight." (Memo, page 14).

Concerning "dangerousness", pre-trial services noted, "the offenses before the Court today can be considered dangerous in nature; it does appear that conditions can be imputed to address the safety to the community in the case.

Pre-trial services recommended release on the following conditions:

1. Unsecured appearance bond in the amount of $25,000.00.
2. Report to the pre-trial services Brooklyn, NY as directed.
3. Random testing at the discretion of pre-trail services.
4. No excessive use of alcohol and no use of illegal drugs.
5. Maintain residence and not to move without prior permission of the Court.
6. Travel restricted to the district of New York or the District of Massachusetts for Court and attorney purposes only.
7. Not to possess any firearms or destructive devices.

The defendant's lack of any prior record, his strong family and neighborhood ties (copies of letters of reference from family members and neighbors will be presented if the Court grants a hearing on this matter), along with the fact that in the light most favorable to the Government the defendant was at most minimally involved, effectively rebuts the presumption created by 18 U.S. 3142 (e). The defendant Mr. Green was not on any wiretaps conducted by the government. In fact, during the course of the investigation Mr. Green's name never appeared until the day of his arrest. Special Agent Peter Darling of the United States Immigration Services testified that after his arrest defendant Michael Green told him that it was only at the warehouse when there was some talk about "kilo" that the defendant got suspicious and found out about the presence of drugs" (transcript page 49).

The defendant lives in a basement apartment with his 26-year-old sister Margaret Green. He lives downstairs from his mother Phyllis V. Green at 153 East 92nd Street. Title to the house is in Mrs. Green's name. Mrs. Green has worked for the New York Health Department for 14 years. Mrs. Green testified at the defendant's hearing that she is willing to be a third party custodian for Mr. Green.

A hearing is requested on this motion.

Respectfully Submitted,<br>
Michael Green<br>
By his Attorney,<br>
<br>
James E. McCall<br>
Four Longfellow Place<br>
Suite 3703<br>
Boston, MA 02114<br>
(617)720-2900<br>
BBO# 327365

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by first class mail, postage prepaid or by hand delivery.

Dated: _____