```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA**       )
                                   )   Criminal No. 04-10234-NMG
    v.                               )
                                   )
**MICHAEL E. GREEN**                )
    Defendant.                     )

### Government's Response to Defendant's
### Motion For Revocation Or Amendment Of Detention Order

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and David G. Tobin, Assistant United States Attorney, opposes the Defendant's Motion For Revocation Or Amendment Of Detention Order and submits this memorandum in support of its opposition.

### INTRODUCTION

On June 5, 2004, the defendant, Michael E. Green, and three co-defendants[1], were arrested in East Boston, Massachusetts immediately following the transfer of 105 kilograms of cocaine from a federal agent working in an undercover capacity to the defendant and co-defendant Allen. The defendant was present in an East Boston warehouse when co-defendant Allen paid $200,000 to the undercover agent for the cocaine. The defendant and Allen then transferred the cocaine from the undercover agent's car to the car used by the defendant and Allen. The defendant and Allen

---

[1] Wallstein Dwwayne Allen, Andre Page, and Aquaya Stephanie Perry

were arrested immediately after the transfer of cocaine.  Co-defendants Page and Perry were arrested while they waited in a car outside the warehouse.

On June 7, 2004, the four defendants made their initial appearance before Magistrate Judge Swartwood.  At that time, the government moved to detain all four defendants pursuant to 18 U.S.C. §§3142 (f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment), (f)(1)(C)(defendants are charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight).

On June 10, 2004, a consolidated probable cause/detention hearing was held with respect to the defendants Green, Page, and Perry.  Special Agent Peter Darling of the Department of Homeland Security, Customs and Immigration Enforcement testified on behalf of the government and was cross-examined by defendants' counsel.  Defendant Perry was released by the Court at the conclusion of the hearing.

On June 17, 2004, Magistrate Judge Swartwood issued the Court's Memorandum Of Probable Cause And Order On the Government's Motion For Detention.  After finding that probable cause exists for the charges, Magistrate Judge Swartwood turned to the issue of detention.  Memorandum of Probable Cause and Order on the Government's Motion for Detention, p.5, attached as

Exhibit A. The Court concluded that because the defendants were charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act, and probable cause exists as to that charge, the government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendants or the safety of the community if they were released. See 18 U.S.C. §3142(e).

Magistrate Judge Swartwood found that "these Defendant's have produced nor proffered any credible evidence on their own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention." Exhibit A, p. 12-13. After noting that the defendants failed to rebut the presumption, for the sake of completeness, Magistrate Judge Swartwood examined the Government's assertion that the defendant and Page posed a danger to the community and were a risk of flight.

The Court found that by clear and convincing evidence that the defendant "poses a danger to the community and that there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if her were release."[2] Exhibit A, p. 14. Magistrate Judge Swartwood noted that the defendant was present when the cocaine was received from

---

[2]The Court could not find by a preponderance of the evidence that the defendant poses a risk of flight. Exhibit A, p. 14.

the undercover federal agent, when co-defendant Allen examined a kilogram of the cocaine at the warehouse, and when Allen paid the federal agent $200,000 for the cocaine.  Magistrate Judge Swartwood pointed out that the defendant assisted in transporting the cocaine from one vehicle to the other.  The Court also noted that the defendant was to receive a substantial amount of cocaine for his participation in picking up the cocaine in Boston.[3] Exhibit A, p. 14.

### ARGUMENT

The defendant argues in his appeal before this Honorable Court that "it does appear that conditions can be imputed to address the safety to the community in the case."  This contention is in stark contrast with the well-reasoned conclusion of Magistrate Judge Swartwood, who concluded that the opposite was true.  Magistrate Judge Swartwood held that the defendant posed a danger to the community and that "there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if he were released." Exhibit A, p. 14.

The defendant argues that his "lack of any prior record, his

---

[3] Evidence was presented at the Detention Hearing that a confidential source of information had informed law enforcement officials that the defendant is a long-term friend of Allen and was recruited to assist Allen in picking up the cocaine.  The defendant was to be paid between a quarter to a half a kilogram of cocaine for his assistance.

strong family and neighborhood ties ..., along with the fact that in the light most favorable to the Government the defendant was at most minimally involved, effectively rebuts the presumption" created by 18 U.S.C. 3142(e). The government contends that the defendant's "substantial" familial and community ties may result in a likelihood that the defendant will appear at his trial; however, such ties are irrelevant to the issue of the defendant's dangerousness. The government also disagrees with the defendant's contention that he was minimally involved with the drug transaction central to this case.

    The defendant was recruited by his long-time friend Allen to participate in the drug transfer. Interestingly, while Page and Perry waited outside the warehouse during the drug transfer, the defendant was inside, present when Allen checked the cocaine and handed over the $200,000, and assisted in moving the cocaine from the agent's vehicle to Allen's vehicle. The defendant was to be paid a substantial quantity of cocaine for services rendered by him to Allen. Despite the defense attorney's assertions to the contrary, the facts support the conclusion that the defendant was an integral part of a transaction involving 105 kilograms of cocaine.

    This Honorable Court need not be reminded of the devastating effects of cocaine on the lives of our citizens and on the health of our communities. The sale of cocaine and the violent crime

that often results from it destroys individuals and families. The defendant's willingness to actively participate in a drug deal involving 105 kilograms of cocaine reveals his indifference to the potential harm such a vast amount could inflict upon society.

## CONCLUSION

After careful consideration of the evidence presented at the detention hearing, Magistrate Judge Swartwood concluded that the defendant did not produce or proffer any credible evidence to rebut the presumption of detention applicable to this case pursuant to 18 U.S.C. §3142(e).  Moreover, Magistrate Judge Swartwood specifically found that the defendant would pose a danger to the community if released.  The careful reasoning of Magistrate Judge Swartwood is supported by the evidence presented at the detention hearing.  The government requests that this Honorable Court deny the defendant's motion and continue to protect society from the defendant by allowing him to remain detained prior to trial.

Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:  /S/ David G. Tobin
                                DAVID G. TOBIN
                                Assistant U.S. Attorney

Date: September 15, 2004