UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA

v.                                              Crim. No. 04-cr-10234 NMG

MICHAEL E. GREEN

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE SURPLUSAGE FROM THE
INDICTMENT PURSUANT TO FED. R. CRIM. P. 7(d)**

On August 11, 2004, the Government obtained an Indictment in this case. In this indictment, the Government has added allegations (the "Notice of Additional Factors") in an attempt to deal with a then-anticipated decision by the United States Supreme Court finding the United States Sentencing Guidelines (hereinafter "Guidelines") unconstitutional.[1] The Government's efforts must fail for the reasons set forth below, and the surplusage must be stricken from the indictment.

As it pertains to Mr. Green, the indictment adds the following allegations under the heading "Notice of Additional Factors:"

1. "Defendant Michael E. Green is responsible for at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(2) applies to this defendant."

---

[1] That decision has in fact been rendered in United States v. Booker, ___ U.S. __ (2005).

There are no other "Notices of Additional Factors" set forth in this document.

The Court will readily recognize these allegations as having been taken from the Guidelines. In fact, the Government provides a United States Sentencing Guidelines citation for these "additional factors." Prior to the United States Supreme Court decision in <u>Blakely v. Washington</u>, __ U.S. __ (2004), 2004 U.S. LEXIS 4887, these allegations would have been dealt with in the context of the sentencing proceeding that would follow any conviction on this matter. <u>United States v. Booker</u> actually held that the Sentencing Guidelines, as previously applied, were unconstitutional.

Booker held that the Guidelines were unconstitutional in that they allowed for an increase in the sentence of a defendant based upon factors not found by a jury. A separate majority then ruled that the Guidelines would remain intact as "advisory," and held that the District Court was free to sentence a defendant indeterminately, so long as the sentence is "reasonable."

This decision puts the government's allegations, as set forth in the "Notice of Additional Factors," in a precarious position. Firstly, the allegations do not set forth elements of any crime under the United States Code. Secondly, the allegations are wholly irrelevant to the criminal conduct of the defendant. Thirdly, under <u>Booker</u>, the allegations, even if proven beyond a reasonable doubt, may not actually affect the defendant's sentence. For these reasons, the Notice of Additional Factors is blatant surplusage, and should be stricken from the Indictment.

The inclusion of allegations as to drug quantity were included to comply with an anticipated decision in the wake of Blakely. With Booker's holding that the Guidelines are advisory, these "additional factors" remain impermissible surplusage.

These additional factors are not actual elements of the offense charged, because only

Congress has the authority to define the elements of criminal offenses. See e.g. United States v. Mutchler, 2004 U.S. Dist. Lexis 18053 at 10 (S.D. Iowa, September 9, 2004). The (now advisory) Guidelines were drafted by the sentencing commission to be used by judges in assessing a proper sentence. The Guidelines would be inapposite for use by a jury in determining whether the Government has proven an offense element by proof beyond a reasonable doubt. See generally United States v. Mueffleman, infra, at 8. As the Court noted in Mueffleman, Congress specifically declined to give juries a role in the Guideline scheme when enacting the Guidelines.

Since only Congress has the power to enact new criminal statutes, the "additional factors" cannot be viewed as elements of the offense. Therefore, they have no place in a properly drafted federal indictment. Rather, "[t]he indictment ... must be a plain, concise, and definite statement of the essential facts constituting the offense charged..." Hamling v. United States, 418 U.S. 87, 117-18 (1974). While the Blakely majority specifically invited Washington state prosecutors to include enhancements or aggravating factors in new indictments, it limited the invitation to those factors that are statutory. See generally Blakely. The Booker holding that the Guidelines are strictly advisory renders this option unavailable, since Guidelines factors are not statutory factors nor are they binding upon the Court in sentencing the Defendant. All of the Additional Factors alleged in this Superseding Indictment are non-statutory and are essentially are plucked word for word from the Guidelines.

A District Judge has the authority to strike language from an indictment that is surplusage if it is prejudicial. Fed. R. Crim. P. 7(d). The language at issue here is clearly prejudicial, since it will inevitably be brought to the jury's attention. Presumably the Government will urge the

Court to instruct on these "additional factors" when the case is submitted to the jury, so that they can argue for a finding of guilty beyond a reasonable doubt to enhance their sentencing argument. Further assuming that the jury makes such findings, the Government will undoubtedly ask the Court to sentence the defendant according to the applicable sentencing guideline range pursuant to the findings of the Jury. If this Court permits this Superseding Indictment to remain in its current state, and permits the Government to traverse the path described above, it would be treading upon new, constitutionally suspect ground. Since the judiciary has no authority to declare that the "additional factors" are elements of a new criminal offense, they should be stricken from the indictment.

## CONCLUSION

Since the Guidelines provisions are not elements of any offense, the Notice of Additional Factors is of no substantive effect and must be stricken as surplusage. Similarly, since neither the Executive Branch nor the United States Grand Jury have the authority to declare that the "Additional Factors" are elements of a new criminal offense, this Court should order them stricken from the Indictment.

                                                     Respectfully Submitted,
                                                     by his attorney,

Date: March 3, 2005                              /s/ MELVIN NORRIS
                                                     Melvin Norris
                                                     260 Boston Post Road, Suite 9
                                                     Wayland, MA 01778
                                                     (508) 358-3305
                                                     MA BBO# 373900