UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA

v.                                                    Cr. No. 04-CR-10234 NMG

MICHAEL GREEN


### DEFENDANT MICHAEL GREEN'S REQUEST FOR JURY INSTRUCTIONS

The defendant in the above-captioned matter, Michael Green, hereby requests that this Honorable Court give the following specific instructions to the jury in addition to its usual general instructions:


### REQUESTED INSTRUCTION NO. 1
(credibility of witnesses)

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or

1

contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. Devitt and Blackmar, Federal Jury Practice and Instructions, par. 17.01.

## REQUESTED INSTRUCTION NO. 2

(credibility of testimony)

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt and Blackmar, par. 17.08.

**REQUESTED INSTRUCTION NO. 3**

(acceptance of testimony)

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief.  Devitt and Blackmar, par. 17.21.

**REQUESTED INSTRUCTION NO. 4**

(duty to acquit)

If your view of the evidence, or lack of evidence, makes you doubt the defendant's guilt because you have not been persuaded that the government has shown the guilt of the defendant beyond a reasonable doubt, then it is your duty to acquit the defendant.  Holland v. United States, 348 U.S. 121 (1954); United States v. Richardson, 504 F.2d 357 (5th Cir. 1974); United States v. Turk, 526 F.2d 654 (5th Cir. 1976).

**REQUESTED INSTRUCTION NO. 5**

(right not to testify)

Michael Green has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

3

**REQUESTED INSTRUCTION NO. 6**

(Impeachment by Prior Inconsistent Statement - if applicable)

You have heard evidence that before testifying at this trial, a witness made a statement

concerning the same subject matter as his/her testimony in this trial.  You may consider that

earlier statement to help you decide how much of his testimony to believe.  If you find that the

prior statement was not consistent with the witnesses testimony at this trial, then you should

decide whether that affects the believability of that witnesses testimony at this trial.


**REQUESTED INSTRUCTION NO. 7**

(Impeachment of Witness Testimony by Prior Conviction)

You have heard evidence that a witness has been convicted of a crime.  You may consider that

evidence, together with other pertinent evidence, in deciding how much weight to give that

witness' testimony.


**REQUESTED INSTRUCTION NO. 8**

(Caution as to Cooperating Witness/Accomplice)

You have heard the testimony of cooperating witnesses.  They:

(1) provided evidence under agreements with the government; and/or

(2) participated in the crime charged against Mr. Green; and/or

(3) were granted immunity in exchange for their testimony against Mr. Green.

Some people in this position are entirely truthful when testifying.  Still, you should consider the

testimony of these individuals with particular caution.  They may have had reason to make up

4

stories or exaggerate what others did because they wanted to help themselves.  See *U.S. v. Wright*, 573 F.2d 681, 685 (1ˢᵗ Cir. 1978); *U.S. v. Hernandez*, 109 F.3d 13, 17 (1ˢᵗ Cir. 1997); First Circuit Pattern Instructions.


## REQUESTED INSTRUCTION NO. 9

(Immunized Testimony) - if applicable

Further, you've heard the testimony of _____, each of whom has testified under a grant of immunity issued by a court. What this means is that the testimony of those individuals may not be used against them in any subsequent criminal proceeding.*  Notwithstanding the fact that an immune person may be prosecuted for perjury, you may be cautioned that an immune witness may have a motive to testify in such a way that is favorable to themselves. *See e.g. United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001).


## REQUESTED INSTRUCTION NO. 10

(Missing Witness)

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if the witness would be favorably disposed to the government, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the government. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence.     First Circuit Pattern Instruction No. 2.11.

5

## REQUESTED INSTRUCTION NO. 11

(Conspiracy, 21 U.S.C. §§ 846)

Mr. Green is accused of conspiring to commit a federal crime specifically, the crime of Possession with Intent to Distribute a Schedule II Controlled Substance, cocaine. It is against federal law to conspire with someone to commit this crime.

For you to find Mr. Green guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to Possess with Intent to Distribute Cocaine; and

Second, that Mr. Green willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act willfully means to act voluntarily and intelligently and with the specific intent that

6

the underlying crime be committed that is to say, with bad purpose, either to disobey or disregard the law not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Green can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Mr. Green willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that Mr. Green agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if Mr. Green was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.  First Cir. Pattern Inst. No. 4.03.

## REQUESTED INSTRUCTION NO. 12

(Elements of Possession with Intent - 21 U.S.C. §§ 841 (a) (1))

Mr. Green is accused of possessing cocaine on or about June 5, 2004 intending to distribute it to someone else. It is against federal law to have cocaine in your possession with the intention of distributing it to someone else. For you to find Mr. Green guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that Mr. Green on that date possessed cocaine, either actually or constructively;

Second, that he/she did so with a specific intent to distribute the cocaine over which he/she had actual or constructive possession; and

Third, that he/she did so knowingly and intentionally.

It is not necessary for you to be convinced that Mr. Green actually delivered the cocaine to someone else, or that he/she made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he/she had in his/her possession what he/she knew was cocaine and that he/she intended to transfer it or some of it to someone else.

The term possess means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term possession in these instructions, I mean actual as well as constructive possession. Based on First Cir. Pattern Inst. 4.22.

8

## REQUESTED INSTRUCTION NO. 13

### (Definition of Knowingly)

The word knowingly, as that term has been used from time to time in these instructions, means

that the act was done voluntarily and intentionally and not because of mistake or accident.

THE DEFENDANT RESERVES THE RIGHT TO REQUEST ADDITIONAL
INSTRUCTIONS IF APPROPRIATE.

                                Respectfully submitted,
                                Michael Green
                                By his attorney,

Dated: February 4, 2006                   /s/ Melvin Norris

                                _____
                                Melvin Norris
                                260 Boston Post Road, Suite 9
                                Wayland, MA 01778
                                (508) 358-3305
                                BBO# 373900

### CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed this date through the ECF system will

be sent electronically to the registered participants as identified on the Notice of Electronic Filing

and paper copies will be sent this date to those indicated as non-registered participants.

                           _____/s/ Melvin Norris
                           MELVIN NORRIS