UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  Crim. No. 04-cr-10234 NMG

MICHAEL E. GREEN

## MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the defendant in the above matter, Michael E. Green, and moves that this Honorable Court enter a Judgment of Acquittal on both counts because the government has failed to provide facts such that a jury could reasonably find him guilty. As reasons therefor, the defendant states the following:

1. The government has introduced no evidence to support Count Two, Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine. The government witnesses provided no evidence of any kind that Mr. Green willfully joined in an agreement to possess with intent to distribute cocaine in Boston. Mr. Allen stated under oath that he did not inform Mr. Green of the reason for the trip to Boston, and no other government witnesses have testified that Mr. Green was even aware of the reason behind the trip to Boston. Since the government presented no evidence that Mr. Green knowingly and intentionally conspired and agreed with other persons to possess with intent to distribute cocaine, Therefore, this Court must direct a judgement of acquittal on that Count. See generally United States v. Monteiro, 871 F.2d 204, 208-09 (1st Cir.), cert. denied, 493

2.  The government has introduced insufficient evidence to support a Guilty finding with regard to Count III, Possession with Intent to Distribute Cocaine. The government witnesses have established that Mr. Allen was the person with possession and control over the drugs, even when Mr. Green carried them to the car. There was no testimony that Mr. Green had dominion and control over the drugs. Where Mr. Green did not possess the cocaine, either actually or constructively, Mr. Green must be acquitted on this count. Furthermore, the government has not introduced any evidence, either circumstantial or direct, that would show that Mr. Green had specific intent to distribute the cocaine, which is necessary for a conviction on this count. Finally, the government provided no evidence that Mr. Green took any of these actions knowingly and intentionally. In short, the government did not provide sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Mr. Green possessed what he knew was cocaine and that he intended to transfer it. See United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993).

3.  The government has introduced insufficient evidence to support a Guilty finding with regard to Aiding and Abetting the crimes set forth in this indictment. While the government provided ample evidence that "someone else" (Allen) committed the charged crime, it did not introduce any direct or circumstantial evidence that Mr. Green willfully associated himself and willfully participated in it as he would in something he wished to bring about. The government provided no evidence that the defendant consciously shared

Allen's knowledge of the underlying criminal act and intended to help him with it. See United States v. Spinney, 65 F.3d 231, 234-35 (1st Cir. 1995); United States v. Loder, 23 F.3d 586, 590-91 (1st Cir. 1994).

                                                Respectfully Submitted,
                                                by his attorney,

Date: February    , 2006

                                                Melvin Norris
                                                260 Boston Post Road, Suite 9
                                                Wayland, MA 01778
                                                (508) 358-3305
                                                MA BBO# 373900

## CERTIFICATE OF SERVICE

I, Melvin Norris, hereby certify that I served a true copy of the foregoing document upon the Office of the United States Attorney in hand on this date:

                                                MELVIN NORRIS

Allen's knowledge of the underlying criminal act and intended to help him with it. See United States v. Spinney, 65 F.3d 231, 234-35 (1st Cir. 1995); United States v. Loder, 23 F.3d 586, 590-91 (1st Cir. 1994).

                                                                                               Respectfully Submitted,
by his attorney,

Date: February   , 2006

                                                                    Melvin Norris
260 Boston Post Road, Suite 9
Wayland, MA 01778
(508) 358-3305
MA BBO# 373900

## CERTIFICATE OF SERVICE

I, Melvin Norris, hereby certify that I served a true copy of the foregoing document upon the Office of the United States Attorney and all counsel of record in hand on this date:

MELVIN NORRIS