UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA

v.                                                                                          Crim. No.- 04-CR-10234 NMG

MICHAEL E. GREEN

_____

**DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE**

Now comes the defendant, Michael Green, by his court appointed counsel, and submits this memorandum of law and fact for the Court's consideration at sentencing.

**FACTUAL BACKGROUND**

The defendant, Michael Green, was convicted by a jury of Possession with Intent to Distribute Cocaine and Conspiracy to Possess with Intent to Distribute Cocaine. The defendant was tried together with Andre Page, and both were convicted. The person who arranged for the delivery of the cocaine, Wallstein Dwayne Allen, testified at the trial of Mr. Green.

The defendant was tried in this Court, and will not rehash the evidence presented at that trial. However, the defendant does note that Mr. Allen testified that he did not discuss the cocaine transaction with Mr. Green.

**GUIDELINE RANGE FACTORS**

1.   **ROLE IN THE OFFENSE**

The undisputed testimony at trial from all parties, including the cooperating witness, was that Mr. Green was at most peripherally involved in the conspiracy and was not involved in the

negotiation or payment for the cocaine, and his only involvement was the assisting in the loading of the drugs. The government's theory of the case was that Mr. Green was recruited to drive and pick up the shipment, which would still leave him as no more than a minimal participant in the offense. Therefore, he should receive a four level downward adjustment for the role in the offense based upon the undisputed testimony at trial.

2. <u>OBSTRUCTION OF JUSTICE</u>

The defendant testified truthfully at trial. While the jury verdict indicates that they did not credit his testimony, there was no evidence presented at trial that directly contradicted his testimony. Furthermore, his statement was consistent with proffers made to the government on previous occasions. As a result, there is no reason to believe that he obstructed justice, and he should not have his offense level increased.

3. <u>SAFETY VALVE</u>

Mr. Green has given multiple proffers to the government in this matter, where he has truthfully disclosed his role in the offense. He fully disclosed to the government the extent of his knowledge regarding this case, and he has no prior criminal history. Therefore, he meets the criteria for the Safety Valve, and his offense level should be reduced by two points and he should be sentenced without regard to the minimum mandatory sentence in the case.

4. <u>ACCEPTANCE OF RESPONSIBILITY</u>

Mr. Green testified truthfully at the trial as to the facts as he knew them to be. He admitted that he knew the substance was cocaine when he saw it, and that he loaded it into the truck before his arrest. Clearly he has accepted responsibility for his role in the offense, and should be given a two point reduction in his guideline offense level for acceptance of

responsibility.

5.   DOWNWARD DEPARTURE FROM THE GUIDELINES

The defendant moves that this Court depart downward from the Sentencing Guidelines under the totality of the circumstances in his case. In this case there exist circumstances present to a degree not taken into account in crafting the Guidelines, and therefore a departure is warranted in this case.

Firstly, this defendant has an excellent employment history and has always derived his income from lawful sources. He possessed a license regarding fire extinguishers, and was a conscientious employee for several different companies over his lifetime. This was all in addition to his disc jockey business, which he operated on his own. This makes Mr. Green a quite different defendant from those usually before the Court on conspiracy charges.

Secondly, even the adjustment for minimal role in the offense fails to fully take into account the defendant's peripheral role in this transaction. Mr. Green was along for the ride to pick up these drugs, and was unaware that they were picking up drugs until their arrival at the warehouse and started to load the drugs.

Thirdly, Mr. Green has neither knowledge nor control over the amount of the drugs involved in the conspiracy or the amount of drugs actually present at the warehouse. As a result, the amount of the drugs the jury found him accountable for were not even possibly foreseeable to him, as he didn't know the nature of the transaction prior to his presence in the warehouse, nor did he even know then the amount of the drugs. Further, from viewing the video from inside the warehouse, he only actually carried a percentage of the bags of drugs, and therefore is being held accountable for drugs he did not know were there nor did he know the amount of them, nor

would he ever have been able to possess them.

Finally, there is potential for a serious sentencing disparity between Mr. Green and the person setting up the transaction, Wallstein Dwayne Allen, as a result of Mr. Allen's cooperation with the government. Furthermore, Ms. Perry received an extraordinarily light sentence in contrast to the sentence being faced by Mr. Green, despite having essentially the same role in the offense. The difference between Ms. Perry and Mr. Green was that Mr. Green happened to be in the vehicle the "boat captain" drove into the warehouse.

6. PROPOSED SENTENCING GUIDELINE RANGE

The defendant requests that the Court find his Sentencing Guideline Range to be as follows:

| | |
|---|---|
| Base Offense Level: | 36 |
| Role In the Offense: | -4 |
| Adjusted Offense Level: | 32 |
| Acceptance of Responsibility | -2 |
| Safety Valve: | -2 |
| Total Offense Level: | 28 |

With an Offense level of 28 and a Criminal History Category of I, the Guideline range would be 78-97 months. It should be noted that prior to the Trial, the Government proposed that if Mr. Green pleaded guilty immediately before trial, that would be the Guideline Imprisonment Range.

7.  <u>THIS COURT HAS THE DISCRETION TO SENTENCE MR. GREEN TO A SENTENCE WHICH IS APPROPRIATE FOR THE NATURE AND CIRCUMSTANCES OF THIS CASE, AND IS NOT BOUND BY THE UNITED STATES SENTENCING GUIDELINES.</u>

The holding of <u>United States v. Booker</u> is that this Court is not bound by the provisions of the Sentencing Guidelines when sentencing Mr. Green. Therefore, the Court must use the provisions of 18 U.S.C. § 3553(a) in crafting the sentence, and must consider the following factors in fashioning a sentence for the defendant:

1.  The nature and circumstances of the offense and the history and characteristics of the defendant;

2.  the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

3.  the kinds of sentences available;

4.  the kinds of sentence and the sentencing range established by [the sentencing guidelines];

5.  any pertinent policy statement [issued by the Sentencing Commission];

6.  the need to avoid unwarranted sentence disparity among defendants who have been found guilty of similar conduct; and

7.  the need to provide restitution to any victims of the offense.

Subsequent to the determination of the sentencing guideline range, the Court must go on to weigh the other factors set forth in this statute. This results in discretion vested in this Court to determine the proper and reasonable sentence for Mr. Green, after taking into account the factors set forth in 18 U.S.C. 3553 (a), including the need for the sentence to be "sufficient, but not greater than necessary, to achieve the [goals of sentencing]."

## SENTENCING FACTORS

*1. The nature and circumstances of the offense and the history and characteristics of the defendant*: This factor has been discussed at length in this memorandum and at length in the presentence report. The nature of the offense in Mr. Green's case is most unusual given that he was unaware that he was to take place in a drug transaction until after he saw the drugs. All of the factors which would support a downward departure comprise the nature and circumstances of the offense.

*2. Then need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide the defendant with needed services*: The defendant is a hard working man with no criminal history. The seriousness of the drug transaction cannot be denied, but the actual seriousness of Mr. Green's offense is quite different. Mr. Green remained unaware of the nature of the trip until after he saw the drugs, and therefore his behavior would be difficult to deter under similar circumstances. Mr. Green has not been a criminal in the past, and therefore there is little need to protect the public, and there are no needed services for this defendant.

*3. The kinds of sentences available*: The defendant requests that this Court sentence him

to a term of incarceration substantially less than a full Guidelines sentence.

*4 and 5.   The Guideline Range and policy statements*: As the defendant argues extensively in this memorandum, the Court should consider the guideline range to be imprisonment for a term at most at the low end of the guideline range.

*6.   The need to avoid unwarranted sentence disparity*: In this matter, there will be a great sentence disparity between Mr. Green and Ms. Perry if the Court does not depart downward, despite their quite similar roles in the offense.  It is also possible that Mr. Allen will receive a lower sentence than Mr. Green, despite the fact that Mr. Allen set up the transaction.

*7.   The need to provide restitution*: This case does not involve restitution.

**CONCLUSION**

The defendant requests that this Court sentence him indeterminately, to a term which accurately reflects the seriousness of his offense and of his criminal history, pursuant to the Supreme Court decision in United States v. Booker, 2005 U.S. LEXIS 628 (2005).  In weighing an appropriate sentence, the defendant requests that this Court determine that the sentencing guidelines seriously overstate the seriousness of the offense, and fail to adequately take into account the mitigating circumstances of the defendant.  The defendant therefor requests that this Court sentence him to a term of no more than sixty (60) months, which will adequately and reasonably take into account the factors to be considered by the Court in crafting a sentence, and will be a sentence "sufficient, but not greater than necessary..." to reflect the goals of sentencing

as defined by Congress, as well as allow him to resume his responsibilities with his family and society.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Michael Green,<br>by his attorney, |
| Date:   June 9, 2006 | /s/ MELVIN NORRIS<br>Melvin Norris<br>260 Boston Post Road<br>Wayland, MA 01778<br>(508) 358-3305<br>MA BBO# 373900 |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

/s/ Melvin Norris
MELVIN NORRIS